IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VICTOR TAYAG,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Acting Warden,<br><br>    Respondent. | No. C 05-4680 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## BACKGROUND

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Alameda of first degree residential burglary. Petitioner was also found to have suffered a prior "strike" felony conviction and a prior serious felony conviction. On or about October 4, 2002, he was sentenced to 13 years in state prison pursuant to California's Three Strikes Law.

|   |   |
|---|---|
| 1 | On October 27, 2003, the California Court of Appeal affirmed the |
| 2 | judgment of the trial court and, on January 14, 2004, the Supreme Court of |
| 3 | California denied review. |
| 4 | Petitioner then sought collateral relief from the state courts. On October |
| 5 | 12, 2005, the Supreme Court of California denied his final petition for state |
| 6 | habeas relief. |

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including ineffective assistance of counsel, improper denial of a trial continuance and prosecutorial misconduct. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1  Attorney General of the State of California.  The clerk also shall serve a copy of
2  this order on petitioner.
3    2. Respondent shall file with the court and serve on petitioner, within
4  60 days of the issuance of this order, an answer conforming in all respects to Rule
5  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6  habeas corpus should not be granted.  Respondent shall file with the answer and
7  serve on petitioner a copy of all portions of the state trial record that have been
8  transcribed previously and that are relevant to a determination of the issues
9  presented by the petition.
10   If petitioner wishes to respond to the answer, he shall do so by filing a
11 traverse with the court and serving it on respondent within 30 days of his receipt
12 of the answer.
13   3. Respondent may file a motion to dismiss on procedural grounds in
14 lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the
15 Rules Governing Section 2254 Cases.  If respondent files such a motion,
16 petitioner shall file with the court and serve on respondent an opposition or
17 statement of non-opposition within 30 days of receipt of the motion, and
18 respondent shall file with the court and serve on petitioner a reply within 15 days
19 of receipt of any opposition.
20   4. Petitioner is reminded that all communications with the court must
21 be served on respondent by mailing a true copy of the document to respondent's
22 counsel.  Petitioner must also keep the court and all parties informed of any
23 change of address.
24 SO ORDERED.
25 DATED: March 6, 2006
26     CHARLES R. BREYER
    United States District Judge

3